STATE OF WEST VIRGINIA

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY J. BURNSWORTH,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1003** (BOR Appeal No. 2046943)
                        (Claim No. 2009063835)

**CITY OF WHEELING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy J. Burnsworth, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Wheeling, by Denise D. Pentino and Aimee M. Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a February 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 22, 2010, decision granting Mr. Burnsworth a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burnsworth worked as a backhoe operator for the City of Wheeling. On September 29, 2008, Mr. Burnsworth stepped off the backhoe and twisted his left ankle. He was initially treated at Ohio Valley Medical Center where x-rays of the ankle were negative for fractures. Mr. Burnsworth's claim was held compensable and, after a course of treatment, he returned to work without any restrictions. Sushil Sethi, M.D., then performed an independent medical evaluation of Mr. Burnsworth and found that he had reached the maximum degree of medical improvement. Dr. Sethi found that Mr. Burnsworth had 3% whole person impairment based on the American

1

Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Sethi found that Mr. Burnsworth had no gait impairment, no neuromuscular deficits, and no ligamentous instability. The claims administrator then granted Mr. Burnsworth a 3% permanent partial disability award based on Dr. Sethi's recommendation. James E. Lundeen Sr., M.D., then evaluated Mr. Burnsworth and found that he had 16% whole person impairment. On February 21, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on August 2, 2012, leading Mr. Burnsworth to appeal.

The Office of Judges concluded that Mr. Burnsworth had 3% whole person impairment attributable to his compensable injury. In making its determination, the Office of Judges found that Dr. Sethi's recommendation was persuasive. The Office of Judges found that the impairment recommendation of Dr. Lundeen was unreliable. The Office of Judges based this finding on inadequacies in Dr. Lundeen's report. The Office of Judges found that Dr. Lundeen make his impairment recommendation without providing details of his physical examination of Mr. Burnsworth's left ankle and foot. The Office of Judges found that Dr. Lundeen did not provide an account of his range of motion measurements. The Office of Judges also found that Dr. Lundeen provided an impairment recommendation for laxity without reference to a section of the American Medical Association's *Guides*. Finally, the Office of Judges found that Dr. Lundeen's impairment rating appeared to be overly inflated, particularly considering that there was no discussion or details within the report that would justify his recommendation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Burnsworth has not presented any credible evidence to show that he is entitled to a greater than 3% permanent partial disability award for his left ankle and foot injuries. In making its disability determination, the Office of Judges relied on the most credible evaluation of Mr. Burnsworth's whole person impairment. There is no evidence that Dr. Sethi performed an inadequate evaluation of Mr. Burnsworth's injuries or improperly applied the American Medical Association's *Guides*. The Office of Judges also provided justifiable reasons for finding that Dr. Lundeen's report was unpersuasive and was within its discretion in relying on Dr. Sethi's recommendation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II